UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:18-CR-29-TAV-HBG-2 |
| JONATHAN MACIAS, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's renewed motion for a judgment of acquittal and for a new trial [Doc 66]. The government responded in opposition [Doc. 76], and defendant did not reply. After considering the record and controlling law, for the reasons that follow, the Court will deny defendant's motion.

## I. Background

Following a traffic stop on January 15, 2018, defendant Jonathan Macias—along with his co-defendant, Leeshawn Howard—was charged with conspiracy to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 1]. Both defendants were separately charged with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and defendant Macias was charged with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [*Id.*]. During the course of litigation, defendants jointly argued that the evidence against them should be suppressed because (a) the stop of defendants' vehicle was not supported by probable cause; (b) the officer lacked reasonable

suspicion to extend the stop; and (c) the officer failed to provide timely *Miranda* warnings [Doc. 22].  Magistrate Judge Guyton recommended that the motion be denied [Doc. 35] and, after overruling defendants' objections, this Court accepted the Magistrate's Report and Recommendation and denied defendants' motion to suppress [Doc. 41].

Defendants proceeded to a jury trial on March 5, 2019 [*see* Docs. 52–55].  At trial, the government offered testimony of one witness, Trooper William Connors of the Tennessee Highway Patrol, along with video footage from Trooper Connors's dash camera on the day defendants were stopped [*see* Doc. 62].  Trooper Connors testified that, after noticing certain maneuvers and behavior by the driver of defendants' car—defendant Howard—as well as traffic violations, he initiated a traffic stop [*Id.* pp. 30–32].  After questioning both defendants separately and obtaining Mr. Howard's consent to search the car, Trooper Connors, along with two other officers and a K9 who had arrived at the scene, discovered two packages of methamphetamine—one under each front seat—and two firearms [*Id.* pp. 37, 41–42, 45, 49].  Trooper Connors then advised both defendants of their rights, and although defendants initially denied knowledge of the drugs, defendant Macias eventually claimed both the drugs and the guns as his own [*Id.* pp. 51–52].

At the close of the government's case-in-chief, both defendants moved for a judgment of acquittal, which the Court denied [Doc. 74].  The jury ultimately found defendants guilty on all counts [Doc. 55].  Defendant Macias now renews his motion for acquittal and alternatively requests a new trial [Doc. 66].

## II. Legal Standards

When reviewing a motion for judgment of acquittal based on insufficiency of the evidence under Federal Rule of Criminal Procedure 29, the Court must decide "whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In doing so, the Court may not weigh evidence, assess witness credibility, or "substitute its judgment for that of the jury." *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002). This standard places a "very heavy burden" on defendants. *Id.*

Alternatively, the Court "may vacate any judgment and grant a new trial" under Rule 33 "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A Rule 33(a) motion "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence," but such motions should be granted only "in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). In contrast to a Rule 29 motion, however, a district judge considering a Rule 33 motion "may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence." *Id.*

## III. Analysis

In support of his motion, defendant Macias reiterates the arguments made in defendants' joint motion to suppress and in his first motion for judgment of acquittal at

3

trial: namely, that Trooper Connors lacked justification to stop defendants' car and failed to issue *Miranda* warnings before questioning defendants. However, nothing that occurred at trial warrants a reversal of the Court's position at the suppression stage on these issues. Defendant points to Trooper Connors's testimony about "human behavior" in support of his argument that Trooper Connors lacked probable cause to stop defendants [Doc. 67 pp. 3–4]; however, defendant ignores that Trooper Connors also testified to witnessing traffic violations that—as the Court held in its order denying defendants' motion to suppress—justified his initiation of the stop [*see* Docs. 62 p. 32; 41 pp. 7–11]. Defendant also cursorily argues that Trooper Connors's testimony revealed "drawn-out law enforcement questioning without a *Miranda* warning, all while [defendant] was admittedly not free to leave" [Doc. 67 p. 4]. Yet, defendant again points to no testimony at trial that would change the Court's determination that defendants were not in "custody" for purposes of *Miranda* [*see* Doc. 41 pp. 18–20]. Neither of these arguments challenges the sufficiency of the evidence for purposes of a Rule 29 motion, nor do they create the "extraordinary circumstances" normally required to grant a motion for a new trial under Rule 33. *See* Fed. R. Crim. P. 29(a); *Hughes*, 505 F.3d at 593.

Defendant also, albeit briefly, argues that the evidence at trial was insufficient to establish the conspiracy element of the methamphetamine charge. The Court declines to address this argument at length, given the Sixth Circuit's consistent instruction that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th

4

Cir. 2009) (citation omitted). Nonetheless, a rational jury could have found an agreement between defendants for purposes of the conspiracy count based on evidence at trial that defendants admitted to traveling together from North Carolina, were both found with packages of methamphetamine under their seats, and exchanged money in the back of the patrol car following their arrest [*see* Doc. 62 pp. 117, 113, 139]. *See Gardner*, 488 F.3d at 710. This is especially true in light of the Court's instruction to the jury that finding a criminal agreement does not require proof of a formal agreement, whether written or spoken. And, after viewing all of the evidence in totality, the jury's verdict was not "against the manifest weight of the evidence" for purposes of defendant's motion for a new trial. *See Hughes*, 505 F.3d at 593. Therefore, neither a judgment of acquittal nor a new trial is warranted on this basis.

## IV. Conclusion

For the reasons explained above, defendant's motion for a judgment of acquittal and a new trial [Doc. 66] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE